UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-158-F3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| JERRY BARNES, | ) | |
|         Defendant. | ) | |

This matter is before the court on the Defendant's letter motion requesting the court to

determine whether he is entitled to relief pursuant to *United States v. Simmons*, 649 F.3d 237 (4th

Cir. 2011) and requesting modification of his restitution payments. Letter Motion [DE-277].

The proper method of requesting relief pursuant to the *Simmons* decision is to file a section 2255

petition. The clerk of court is therefore DIRECTED to mail the section 2255 application to the

defendant.

In his letter,[1] Barnes also requests that the court suspend the requirement that he pay his

restitution while incarcerated. Barnes's judgment reads, in relevant part:

> **The special assessment and restitution shall be due in full immediately.**
> However, if the defendant is unable to pay in full immediately, the special
> assessment and restitution may be paid through the Inmate Financial Responsibility
> Program. The court, having considered the defendant's financial resources and
> ability to pay, orders that any balance still owed at the time of release shall be paid
> in installments of $50 per month to begin 60 days after the defendant's release from
> prison. At the time of the defendant's release, the probation officer shall take into
> consideration the defendant's ability to pay the restitution ordered and shall notify
> the court of any needed modification of the payment schedule.

Judgment [DE-186] at 6. Barnes's restitution is due in full immediately, but in the event he

cannot pay immediately, the Bureau of Prisons, not the court, may set a payment schedule

---

[1] For the record, Barnes's letter is deemed a motion to modify restitution.

through the Inmate Financial Responsibility Program. This court may only modify a judgment in extraordinary circumstances. Fed. R. Crim. Pro. 35. That Barnes believes his payment schedule is overly burdensome does not qualify as an extraordinary circumstance. The Bureau of Prisons sets an inmate's payment plan under the Inmate Financial Responsibility Act and this court is without authority to change an inmate's particular payment plan. Barnes's letter motion [DE-30], to the extent it requests a modification in his restitution, is therefore DENIED.

SO ORDERED.

This the 28 day of February, 2013

JAMES C. FOX
Senior United States District Judge

2