IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-00158-F3
No. 5:13-CV-00533-F

| | |
|---|---|
| JERRY BARNES, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

Before the court are: (1) *pro se* Petitioner's motion [DE-281] to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255; (2) Petitioner's motion [DE-302] to supplement; (3) Petitioner's motion [DE-304] to amend; and (4) the Government's motion [DE-296] to dismiss the § 2255 motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] For the reasons that follow, the court will allow the Government's 12(b)(6) motion and dismiss Petitioner's § 2255 motion. The court will deny Petitioner's motions to supplement and to amend.

## I. BACKGROUND

Following a jury trial, Petitioner was found guilty of one count each of: Conspiracy to Commit Armed Bank Robbery in violation of 18 U.S.C. § 371 (Count 1); Armed Bank Robbery with Forced Accompaniment and Aiding and Abetting in violation of 18 U.S.C. §§ 2113(a), (d), (e) and 2 (Count 2); and Use and Carry of a Firearm During and in Relation to a Crime of Violence and Aiding and Abetting in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count 3). Am. J. [DE-224] at 1. Petitioner was statutorily exposed to: up to five years' imprisonment on

---

[1] Petitioner did not respond to the Government's motion to dismiss.

Count 1; at least ten years and up to life imprisonment on Count 2; and at least seven years and up to life imprisonment on Count 3, which was required to run consecutive to any sentence imposed for Counts 1 and 2. On May 12, 2010, Petitioner was sentenced to 60 months' imprisonment on Count 1 and 135 months' imprisonment on Count 2, to be served concurrently, and 84 months' imprisonment on Count 3, to be served consecutive to Counts 1 and 2, for a total of 219 months' imprisonment. *Id.* at 2. Petitioner filed the motion to vacate, set aside, or correct his sentence on July 26, 2013.

## II.  LEGAL STANDARDS

### A.  28 U.S.C. § 2255

Under § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct a sentence on grounds that (1) it was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "In a § 2255 proceeding, the burden of proof is on [the] petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, No. 7:05-CR-97-FL, 2010 WL 4484447, at *1 (E.D.N.C. Oct. 25, 2010) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)). While a court may in its discretion hold an evidentiary hearing on a § 2255 motion, such a hearing need not be held if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

### B.  Fed. R. Civ. P. 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of claims for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court may

2

consider a motion to dismiss pursuant to Rule 12(b)(6) challenging the legal sufficiency of a § 2255 motion. *See United States v. Reckmeyer*, No. 89-7598, 1990 U.S. App. LEXIS 26950, at *14 (4th Cir. Apr. 2, 1990).[2]

In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The issue is not whether a [petitioner] will ultimately prevail but whether [he] is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). A petitioner's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and brackets omitted). In analyzing a Rule 12(b)(6) motion, a court must accept as true all well-pleaded allegations of the challenged pleading and view those allegations in the light most favorable to the petitioner. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005).

### III. DISCUSSION

Petitioner alleges two grounds of ineffective assistance of counsel. In Ground One, Petitioner contends trial counsel was ineffective for failing to object to a four-level sentence

---

[2] *See also* Rule 12, Rules Governing Section 2255 Proceedings ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."); Fed. R. Civ. P. 81(a)(4) (providing that the Federal Rules of Civil Procedure may be applied in § 2255 proceedings where a particular practice has not been specified by § 2255 and where such practice has "previously conformed to the practice in civil actions").

3

enhancement. In Ground Two, Petitioner alleges appellate counsel's failure to attack the same four-level enhancement and failure to file a petition for certiorari with the Supreme Court amounted to ineffective assistance.

The standard for claims of ineffective assistance of counsel is set out in *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To prevail on such a claim, the petitioner bears the burden of proving both prongs of the two-part *Strickland* standard. *United States v. Luck,* 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that his counsel's representation was deficient—that is, it "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Under the second prong, the petitioner must show that the deficient performance prejudiced his defense. *Id.* at 687. Specifically, the petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id.*

### A. Trial counsel was not ineffective for failing to object to the four-level sentence enhancement.

Petitioner first contends that trial counsel should have objected at his sentencing hearing to imposition of a four-level enhancement under U.S.S.G. § 3B1.1(a) for his role as an organizer or leader of a criminal activity involving five or more participants. Specifically, Petitioner argues that he was "sentenced outside [his] Guideline range as mandated by *Apprendi, Booker, Dillon* and *Alleyne*," and that trial counsel should have objected to this "illegal" enhancement. Pet. [DE-281] at 4.

A review of the record reveals that not only did trial counsel object to application of the

4

four-level enhancement, he in fact argued in favor of a mitigating role adjustment on Petitioner's behalf. Sentencing Tr. [DE-232] at 5–8.

Still, Petitioner contends that trial counsel should have relied on specific case law when arguing his objections. The arguments proposed by Petitioner, however, would have been meritless as Petitioner's cited cases provide him no relief. In *Apprendi v. New Jersey*, the Supreme Court held that any fact, other than the existence of a prior conviction, that increases the penalty for an offense beyond the statutory maximum "must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000). The Court later applied *Apprendi* to factual findings that increase the mandatory minimum sentence for an offense, holding that those facts also must be proved beyond a reasonable doubt to a jury. *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013). In *United States v. Booker*, the Court held unconstitutional the provision of the Fair Sentencing Act making the U.S. Sentencing Guidelines mandatory; instead, the guidelines are to be treated as mere recommendations to the sentencing court. 543 U.S. 220, 249 (2005).[3]

Here, Petitioner was sentenced post-*Booker*, under the advisory guidelines scheme. During Petitioner's sentencing hearing, the court acknowledged the advisory nature of the guidelines, and there is no indication the court treated them as mandatory. *See* Sentencing Tr. [DE-232] at 21–22. Further, because Petitioner was sentenced within the statutory range prescribed for his offenses, *Apprendi* and *Alleyne* are inapplicable. *See United States v. McKoy*, 498 F. App'x 369, 371 (4th Cir. 2012) ("Because McKoy was sentenced below the statutory maximums on each count, his argument is without merit.") (unpublished). Because arguments relying on Petitioner's cited cases would have been meritless, his claim as to Ground One fails

---

[3] Petitioner also cites *Dillon v. United States*, 560 U.S. 817 (2010), which provides that the remedial aspect of *Booker* is inapplicable to sentence modification proceedings under 18 U.S.C. § 3582(c). As Petitioner does not seek such a modification, *Dillon* has no bearing on the instant § 2255 motion.

5

under both prongs of the *Strickland* standard. *See Moore v. United States*, 934 F. Supp. 724, 731 (E.D. Va. 1996) ("Failure to raise a meritless argument can never amount to ineffective assistance.").

### B. Appellate counsel was not ineffective for failing to challenge the four-level sentence enhancement or for failing to file a petition for certiorari with the Supreme Court.

Petitioner next argues appellate counsel was ineffective for failing to object to the same four-level enhancement discussed above, and for failing to file a petition for certiorari. With regard to the four-level enhancement, Petitioner's claim regarding appellate counsel fails for the same reasons as his claim regarding trial counsel—the arguments Petitioner claims his lawyer should have made on his behalf would have been meritless.

Turning to appellate counsel's alleged failure to file a petition for certiorari, Petitioner alleges that his appellate counsel said that she would "file an appeal to the U.S. Supreme Court." Pet. [DE-281] at 5. Apparently in support of this allegation, Petitioner submits an email exchange between him and his appellate counsel. In that exchange, Petitioner requests that appellate counsel "file for a rehearing and also file for the enbac (sic)." Pet'r's Ex. 1 [DE-281-1]. Appellate counsel replied that, although the time to request an *en banc* hearing had passed, she would seek leave to file out of time. *Id.* This email exchange contains no reference to a petition for certiorari or an appeal to the Supreme Court; it is possible Petitioner misunderstood the difference between a petition for rehearing *en banc* and a petition for certiorari. Regardless, this court is without authority to grant relief on the issue.

A criminal defendant has no constitutional right to assistance of counsel in petitioning the Supreme Court for discretionary review. *See Ross v. Moffitt*, 417 U.S. 600, 617–18 (1974). Thus, appellate counsel's failure to petition for certiorari cannot be constitutionally ineffective. *See,*

6

*e.g., Devine v. United States*, No. 5:07-CR-10-D, 2011 WL 1675089, at *1 (E.D.N.C. May 3, 2011).[4]

### C. Supplementing the § 2255 motion as requested by Petitioner would be futile.

On October 4, 2013, Petitioner moved to supplement his § 2255 motion "with additional facts and rulings in light of U.S. v. Lake 13-7017 (Aug. 8, 2013)." Mot. Supp. [DE-302] at 1. Petitioner appears to refer to *United States v. Lake*, 530 F. App'x 831, 832 (10th Cir. 2013), in which the Tenth Circuit Court of Appeals incorrectly applied the *Alleyne* holding to a sentence enhancement under U.S.S.G. § 2D1.1. Because the decision in *Lake* was erroneous, Petitioner's proposed reliance on that case would be futile. Accordingly, the motion to supplement will be denied.

### D. Amending the § 2255 motion to allow Petitioner to bring a Rosemond *claim would be futile*.

Petitioner moves to amend his § 2255 motion to add a claim under *Rosemond v. United States*, 134 S. Ct. 1240 (2014). In *Rosemond*, the Supreme Court held that a defendant's knowledge of and intent to participate in the underlying offense is insufficient to support a conviction for conspiracy to commit a § 924(c) violation. *Id.* at 1251–52. Rather, there must be a determination that the defendant knew about and intended to participate in the § 924(c) violation itself. This court and others have determined that *Rosemond* does not apply retroactively to cases

---

[4] The court notes, nonetheless, that under the Criminal Justice Act, "[i]f his client wishes to petition for certiorari of a judgment affirming a criminal conviction, a court-appointed lawyer must represent him in filing the petition." *United States v. Masters*, No. 91-6100, 1992 WL 232466, at *3 (4th Cir. 1992) (unpublished). The Fourth Circuit's Local Rule 46(d) and Plan in Implementation of the Criminal Justice Act of 1964 ("CJA Plan") require court-appointed counsel to inform clients in writing of the right to petition for certiorari and to file a petition if so requested. *Id.* (citing CJA Plan, Part V, § 2). Where court-appointed counsel believes such a petition would be frivolous, she may request to be "relieved of the responsibility of filing a petition for writ of certiorari" by moving to withdraw and serving the defendant with a copy of the motion. CJA Plan, Part V, § 2. The appellate docket for the instant case reveals that counsel filed such a motion on July 25, 2012. *See* Motion to Withdraw, *United States v. Barnes*, No. 10-4545 (4th Cir. 2012). Thus, it appears appellate counsel complied with the CJA Plan. Assuming, *arguendo*, that appellate counsel failed to comply with the CJA Plan, Petitioner's remedy would not lie with this court, but with the Fourth Circuit Court of Appeals in the form of a motion to recall the mandate.

7

on collateral review. *See, e.g., Kerr v. United States*, No. 5:08-CR-302-F-1, 2016 WL 958202, at *3 (E.D.N.C. Mar. 8, 2016); *Bey v. Hollenback*, No. 5:14-HC-2016-FL, 2015 WL 859575, at *3 (E.D.N.C. Feb. 27, 2015), aff'd 616 F. App'x 125 (4th Cir. 2015); *Whitener v. United States*, No. 3:14-CV-00600-MOC, 2014 WL 6808789, at *2 (W.D.N.C. Dec. 2, 2014). Because *Rosemond* can provide no relief, Petitioner's proposed amendment would be futile. Accordingly, the motion to amend will be denied.

### IV. CONCLUSION

For the foregoing reasons, the Government's motion to dismiss [DE-296] is ALLOWED and Petitioner's motion to vacate [DE-281] is DENIED. Petitioner's motions to supplement [DE-302] and to amend [DE-304] are DENIED. This action is DISMISSED. The court perceives no basis for the issuance of a certificate of appealability, and such certificate therefore is DENIED.[5] The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This the 20 day of June, 2016.

James C. Fox
**JAMES C. FOX**
Senior United States District Judge

---

[5] *See* 28 U.S.C. § 2253(c)(2); Rule 11(a), 2255 Rules; *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

8