IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-00158-F3
No. 5:13-CV-00518-F

| | | |
|---|---|---|
| JERRY BARNES, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the following motions: (1) Petitioner Jerry Barnes's motion [DE-313] to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255; (2) Petitioner's motion [DE-323] seeking clarification of the court's Order of June 27, 2016 and an extension of time to respond; and (2) the Federal Public Defender's motion [DE-322] to withdraw from representation of Petitioner.

### I. Procedural History

Following a jury trial, Petitioner was found guilty of one count each of: Conspiracy to Commit Armed Bank Robbery in violation of 18 U.S.C. § 371 (Count 1); Armed Bank Robbery with Forced Accompaniment and Aiding and Abetting in violation of 18 U.S.C. §§ 2113(a), (d), (e) and 2 (Count 2); and Use and Carry of a Firearm During and in Relation to a Crime of Violence and Aiding and Abetting in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count 3). Am. J. [DE-224] at 1. On May 12, 2010, the court sentenced Petitioner to a total of 219 months' imprisonment.[1] *Id.* at 2.

---

[1] Petitioner's sentence consists of 60 months' imprisonment on Count 1 and 135 months' imprisonment on Count 2, to be served concurrently, and 84 months' imprisonment on Count 3, to be served consecutive to Counts 1 and 2. Am. J. [DE-224] at 2.

Petitioner filed a motion to vacate, set aside, or correct his sentence on July 26, 2013. [DE-281] The Government moved to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [DE-296]. After considering the merits of Petitioner's § 2255 motion, the court allowed the Government's motion to dismiss on June 20, 2016. [DE-311].

On June 24, 2016, Petitioner filed a second motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, asserting claims under, *inter alia*, the Supreme Court's recent decision in *Johnson v. United States*, 576 U.S. ___, 135 S.Ct. 2551 (2015). Finding that the motion failed to substantially follow the form appended to the Rules Governing Section 2255 Proceedings, the court issued an order (1) directing Petitioner to submit his motion using the appropriate form provided by the Clerk of Court and (2) appointing the Federal Public Defender to represent Petitioner to determine if he may qualify for post-conviction relief. *See* Order of June 27, 2016 [DE-314].

Petitioner moves for clarification of the court's June 24, 2016 Order, specifically questioning (1) whether Petitioner should resubmit his § 2255 motion *pro se*, in light of the Federal Public Defender's appointment in the matter; and (2) whether Petitioner should first seek permission from the Fourth Circuit Court of Appeals prior to filing his second § 2255 motion. Further, Petitioner requests an extension of time to reply to the court's June 24, 2016 Order. The Federal Public Defender moves to withdraw as counsel in this matter, noting that it has reviewed Petitioner's case file and it does not intend to present any motions to the court.

## II. Discussion

Petitioner first asks whether he should continue to file documents *pro se* or wait for his appointed attorney to file on his behalf. The Federal Public Defender has moved to withdraw

2

from representation in this matter, indicating it will not file any motions. The motion to withdraw will be allowed. Accordingly, Petitioner should retain counsel or proceed *pro se*.

Petitioner next asks whether he should first seek permission to file a second § 2255 motion from the Fourth Circuit. He should do so. Before filing a second or successive motion for § 2255 relief in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. §§ 2244(b)(3)(A); 2255(h). Without such authorization, a district court lacks jurisdiction to consider the validity of Petitioner's sentence. *See* 28 U.S.C. § 2244(b)(3)(A); *United States v. MacDonald*, 641 F.3d 596, 604 (4th Cir. 2011); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003). The Fourth Circuit Court of Appeals has not authorized Petitioner to file a successive action. Thus, this court is without jurisdiction to review Petitioner's latest § 2255 motion.

### III. Conclusion

For the foregoing reasons, the Federal Public Defender's motion [DE-322] to withdraw is ALLOWED. Petitioner's motion [DE-313] to vacate is DISMISSED without prejudice to him to seek pre-filing authorization from the Fourth Circuit Court of Appeals. The court DENIES a certificate of appealability. *See* 28 U.S.C. § 2253(c). Petitioner's motion to clarify is ALLOWED and his request to extend time is DISMISSED as moot. [DE-323].

SO ORDERED.

This the 19' day of July, 2016.

*James C Fox*
JAMES C. FOX
Senior United States District Judge

3