IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-158-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JERRY BARNES, | ) | |
| Defendant. | ) | |

On May 15, 2020, Jerry Barnes ("Barnes") moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) and filed a memorandum and medical records in support [D.E. 380, 384, 385]. On October 27, 2020, the United States responded in opposition [D.E. 388]. As explained below, the court denies Barnes's motion.

I.

On February 10, 2010, a jury found Barnes guilty of conspiracy to commit armed bank robbery (count one), armed bank robbery and aiding and abetting (count two), and using and carrying a firearm during and in relation to a crime of violence and aiding and abetting (count three). See [D.E. 164]. On May 12, 2010, the court held a sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 186, 232]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Barnes's total offense level to be 31, his criminal history category to be III, and his advisory guideline range to be 60 month's imprisonment on count one, 135 to 168 months' imprisonment on count two, and 84 months' consecutive imprisonment on count three. See [D.E. 216] 1; [D.E. 232] 18–19. After thoroughly considering all relevant factors under

18 U.S.C. § 3553(a), the court sentenced Barnes to 60 months' imprisonment on count one, 135 months' concurrent imprisonment on count two, and 84 months' consecutive imprisonment on count three, for a total sentence of 219 months' imprisonment. See [D.E. 186] 2; [D.E. 232] 5–22. On May 17, 2010, Barnes appealed [D.E. 177]. On May 11, 2012, the Fourth Circuit affirmed Barnes's conviction and sentence. See United States v. Barnes, 480 F. App'x 231, 233–38 (4th Cir. 2012) (per curiam) (unpublished) [D.E. 261]; [D.E. 262].

On July 26, 2013, Barnes moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. See [D.E. 281]. On June 20, 2016, the court dismissed Barnes's motion. See [D.E. 311]. On June 24, 2016, Barnes again moved to vacate, set aside, or correct his sentence under section 2255. See [D.E. 313]. On July 19, 2016, the court dismissed Barnes's motion. See [D.E. 324].

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United

2

States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

      (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

      (ii) The defendant is—

         (I) suffering from a serious physical or medical condition,

         (II) suffering from a serious functional or cognitive impairment, or

         (III) experiencing deteriorating physical or mental health because of the aging process,

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. §

---

> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
>    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
>    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

3582(c)(1)(A). See, e.g., United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See id. at 283–84. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id. at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

As for Barnes's request for compassionate relief, the court assumes without deciding that Barnes exhausted his administrative remedies under section 3582. See [D.E. 384] 2. Specifically, Barnes alleges that on June 3, 2020, he submitted a compassionate release request to the BOP, which was denied on August 7, 2020. See id.; [D.E. 384-1]. Moreover, the government has not invoked section 3582's exhaustion requirement. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Accordingly, the court addresses Barnes's claim on the merits.

Barnes seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Barnes cites the COVID-19 pandemic and his health conditions, including hypertension, shortness of breath, hyperlipidemia, hypothyroidism, neuropathic pain, and leg amputation. See

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

5

[D.E. 380, 384, 385]. Barnes also cites his rehabilitation efforts. See [D.E. 384] 7; [D.E. 384-2]; [D.E. 384-3].

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Barnes has not demonstrated that he is not going to recover from his health conditions or that his conditions cannot be treated while Barnes serves his sentence. Accordingly, reducing Barnes's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic and Barnes's medical conditions are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Barnes's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Barnes is 43 years old and engaged in very serious criminal behavior in December 2008. See PSR ¶¶ 6–14. Barnes led and organized a violent, armed bank robbery where the conspirators stole over $28,000 and threatened and injured innocent bystanders. See id. Barnes also tried to bribe his coconspirators to exculpate him after their arrests. See id. at ¶ 12. Moreover, Barnes is a recidivist whose criminal history includes possession with intent to sell and deliver marijuana, contributing to the delinquency of a juvenile, possession of a schedule II controlled substance, and possession of cocaine. See id. at ¶¶ 19–23. Furthermore, Barnes performed poorly on probation. See id. at ¶ 22.

6

The court also has considered Barnes's rehabilitation efforts, potential exposure to COVID-19, his medical conditions, and his lack of release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011). Having considered the entire record, the steps that the BOP has taken to address COVID-19 and treat Barnes, the section 3553(a) factors, Barnes's arguments, the government's persuasive response, and the need to punish Barnes for his criminal behavior, to incapacitate Barnes, to promote respect for the law, to deter others, and to protect society, the court declines to grant Barnes's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished).

II.

In sum, the court DENIES Barnes's motion for compassionate release [D.E. 380].

SO ORDERED. This 14 day of January 2021.

JAMES C. DEVER III
United States District Judge