UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Jerry Barnes**  **Docket No. 5:09-CR-158-3D**

### Petition for Action on Supervised Release

COMES NOW Kyle W. Fricke, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Jerry Barnes, who was found of guilty of Count 1, Conspiracy to Commit Armed Bank Robbery, in violation of 18 U.S.C. § 371; Count 2, Armed Bank Robbery With Forced Accompaniment and Aiding and Abetting, in violation of 18 U.S.C. §§ 2113(a), (d), (e) and 2; and Count 3, Use and Carry of a Firearm During and in Relation to a Crime of Violence and Aiding and Abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2, was sentenced by the Honorable James C. Fox, Senior U.S. District Judge, on May 12, 2010, to the custody of the Bureau of Prisons for a term 219 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 5 years.

On April 6, 2017, this matter was reassigned to the Honorable United States District Judge Louise W. Flanagan.

On July 18, 2018, this matter was reassigned to Your Honor.

Jerry Barnes was released from custody on February 21, 2025, at which time the term of supervised release commenced.

On October 6, 2025, a Violation Report was submitted to the court advising the defendant was charged with Possess Stolen Motor Vehicle (2 Counts) in Wilson County, North Carolina (25CR417956), that allegedly occurred on June 18, 2025. Barnes was also charged with Larceny of a Motor Vehicle (3 Counts), Obtain Property False Pretense (3 Counts), Felony Conspiracy (3 Counts), and Possess Stolen Motor Vehicle in Wilson County, North Carolina (25CR417955), that allegedly occurred on June 27, 2025. The defendant advised that he was hired, by someone who represented themselves as the landowner, to remove some vehicles from vacant property. Barnes advised that when he was contacted by the Wilson County Sheriff's Department, he voluntarily cooperated in the investigation. It was during this time that the defendant learned that the person who represented themselves as the landowner was indeed not the landowner. Barnes advised he intended to plead not guilty during state proceedings and vehemently denied intentionally committing any crimes. It was respectfully recommended that the defendant be continued on supervision pending adjudication in state court and the court agreed. These cases remain pending in Wilson County, North Carolina.

At sentencing, the defendant was ordered to abide by mandatory, standard, and special conditions of supervision. Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office has conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. §§ 3583(c) and (e)(2). Based on this assessment, it is recommended that the defendant be subject to the mandatory conditions that were imposed at sentencing, the standard conditions, as referenced in the current standing order for the Eastern District of North Carolina, and the below special conditions, as well as any other conditions previously imposed by means of prior court action during the term of supervision.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:**

1.  The defendant shall not leave the judicial district without the permission of the court or probation officer.

2.  The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.

3.  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4.  The defendant shall support his or her dependents and meet other family responsibilities.

5.  The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.

6.  The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

7.  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

8.  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9.  The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10. The defendant shall permit the probation officer to visit him or her at any time at home or elsewhere and shall permit the confiscation of any contraband observed in plain view of the probation officer.

11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**IT IS THE FURTHER ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:**

1.  The defendant shall provide the probation office with access to any requested financial information.

2. The defendant shall not incur new credit charges or open additional lines of credit without approval of the probation office.

3. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

4. The defendant shall consent to a warrantless search by a United States probation officer or, at the request of the probation officer, any other law enforcement officer, of the defendant's person and premises, including any vehicle, to determine compliance with the conditions of this judgment.

5. The defendant shall participate in a program of mental health treatment, as directed by the probation office.

6. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Based on the individualized assessment of this case, it is respectfully recommended that the defendant comply with the above conditions.

The defendant signed a Waiver of Hearing acknowledging and agreeing to the standard and special conditions as outlined above.

**PRAYING THAT THE COURT WILL ORDER** the defendant is continued under supervision and subject to the above listed conditions of supervision. To the extent that any of these conditions vary from those imposed at the time of sentencing, based on the individualized assessment conducted, these conditions replace those originally imposed. In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Dewayne L. Smith
Dewayne L. Smith
Supervising U.S. Probation Officer

/s/ Kyle W. Fricke
Kyle W. Fricke
U.S. Probation Officer
150 Reade Circle
Greenville, NC 27858-1137
Phone: 252-830-2336
Executed On: June 25, 2026

**Jerry Barnes**
**Docket No. 5:09-CR-158-3D**
**Petition For Action**
**Page 4**

### ORDER OF THE COURT

Considered and ordered this __25__ day of ___June___, 2026, and ordered filed and made a part of the records in the above case.

James C. Dever III
U.S. District Judge

Case 5:09-cr-00158-D    Document 428    Filed 06/25/26    Page 4 of 4